IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAULA ROPPO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 23 C 06046 |
| | ) | |
| COSTCO WHOLESALE CORPORATION, | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendant. | ) | |

## ORDER

The defendant's motion to dismiss [72] is granted, for the reasons explained in the following Statement. A status hearing will be held on Wednesday, December 17, 2025 at 9:00 a.m. in Courtroom 2303.

## STATEMENT

The plaintiff, Paula Roppo, brought suit against the defendant, Costco Wholesale Corporation ("Costco") in Illinois state court after a Costco employee allegedly struck her in the back with a shopping cart. Compl. 1–2, ECF No. 6. Her original complaint contained only a negligence claim. *Id.* at 1. Costco removed the case to federal court, invoking this Court's diversity jurisdiction. Notice of Removal 1–2, ECF No. 3.

With leave of court, Roppo amended her complaint in October 2025 to add a negligent spoliation claim, alleging that Costco wrongly destroyed a video of the incident in question. First Am. Compl. 3–6, ECF No. 70. Costco moved to dismiss the spoliation claim, and Roppo failed to respond to the motion to dismiss.

To overcome a motion to dismiss, the complaint must contain sufficient facts to establish a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court assumes all facts in the complaint are true and draws all reasonable inferences in the plaintiff's favor. *Kilborn v. Amiridis*, 131 F.4th 550, 554 (7th Cir. 2025). The Court does not, however, accept legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[C]ourts may not grant Rule 12(b)(6) motions solely because they are unopposed," *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021), but "[o]ur system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999).

Under Illinois law, spoliation is cognizable under negligence law. *Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267, 270 (Ill. 1995). As such, a plaintiff seeking recovery for negligent spoliation

must show duty, breach, causation, and damages. *Id.* at 270. Costco argues that Roppo's amended complaint does not allege sufficient facts to establish that any of those elements are facially plausible. Def.'s Mem. 3, ECF No. 73. This Court's analysis will focus on the causation element.

The causation prong in a spoliation claim requires that a plaintiff establish that "the loss or destruction of the evidence caused the plaintiff to be unable to prove an underlying lawsuit." *Boyd*, 652 N.E.2d at 271 (emphasis removed). Roppo's amended complaint alleges that the destruction of the video is "the proximate cause of the Plaintiff's inability and difficulties to prove liability, causation, and damages with respect to their underlying claims alleged herein." First Am. Compl. 6 ¶ 37. She further claims that "[t]he aforementioned destruction of evidence has enabled Defendant to contest the proximate cause of the Plaintiff's injuries and damages with respect to their underlying claims alleged herein." *Id.* at 6 ¶ 38. Costco argues that the absence of a video record of the incident is not dispositive of Roppo's underlying negligence claim.

This Court agrees that the complaint fails to allege a plausible "nexus" between the alleged destruction of the video and an inability to prove the underlying action. *Boyd*, 652 N.E.2d at 272. Roppo's allegation that the video's destruction proximately caused such an inability is a legal conclusion that this Court need not, and does not, accept as true, even on a motion to dismiss. Moreover, accepting as true that the video's nonexistence enabled Costco to challenge causation in the underlying negligence suit, that does not give rise to a reasonable inference that Roppo is **unable** to prove her underlying claim without the video. Roppo's amended complaint does not state a claim for negligent spoliation because it contains insufficient factual allegations about causation.

Without any argument from Roppo in opposition to Costco's plausible reasons for dismissing the spoliation claim, this Court will not search for one. For the reasons discussed, the motion to dismiss is granted.

Date: December 3, 2025

John J. Tharp, Jr.
United States District Judge